Borden LP v TPG Sixth St. Partners (2021 NY Slip Op 01119)





Borden LP v TPG Sixth St. Partners


2021 NY Slip Op 01119


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 657398/17 Appeal No. 13159 Case No. 2020-02508 

[*1]Borden LP, Plaintiff-Respondent,
v
TPG Sixth Street Partners et al., Defendants-Appellants, John Does 1-10 Defendants.
TPG Sixth Street Partners et al., Third-Party Plaintiffs-Appellants,
v
Michael Borden et al., Third-Party Defendants-Respondents, Smudge Monster, LLC, Third-Party Defendant.


Clarick Gueron Reisbaum LLP, New York (Gregory A. Clarick of counsel), for appellants.
Eisner, LLP, New York (Simon Miller of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about April 30, 2020, which granted plaintiff/counterclaim defendant's (Borden LP) motion for summary judgment on its complaint and dismissing the counterclaims, granted third-party defendants' motion for summary judgment dismissing the third-party complaint, and denied defendants/counterclaim-plaintiffs' and third-party plaintiffs' (TSSP) motions for summary judgment on the first through third, fifth, and sixth counterclaims and the first and second third-party claims, unanimously modified, on the law, to deny Borden LP's motion for summary judgment on its complaint and to declare that it did not fully comply with its obligations under the credit agreement and that its sale of the Switch Units to third-party defendant PRS1000, LLC is not aligned with the express terms of the credit agreement, to grant TSSP's motion for summary judgment on its first and sixth counterclaims and on its fifth counterclaim to the extent of declaring that an Event of Default has occurred and is continuing based on Article VII(d), to deny Borden LP's motion for summary judgment dismissing the first through third, fifth, and sixth counterclaims, and to deny third-party defendants' motion for summary judgment dismissing the first and second third-party claims, and otherwise affirmed, without costs.
TSSP's October 13, 2017 offer was sufficiently definite to be valid (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483 [1989], cert denied 498 US 816 [1990]["[A] price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future". . . "[A] price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties; a method for reducing uncertainty to certainty might . . . be . . . by reference to an extrinsic event"]). Here, TSSP's offer satisfies these requirements: the price can be calculated based on the price of Switch Class A Common Stock on the principal U.S. securities exchange on which it is traded, as reported by Bloomberg, L.P., over four specific days.
Since TSSP's offer of a 20% discount to the price of Switch Inc.'s Class A common stock was valid, Borden LP breached the credit agreement by selling the Switch Units to PRS1000 at a lower price (a 31.27% discount). In light of this disposition, we need not decide if TSSP had the right to make a second offer within 60 days of Borden LP's notice of intent to sell.
Neither side is entitled to summary judgment on TSSP's actual fraudulent conveyance counterclaim and third-party claim under the Debtor and Creditor Law (DCL). There are issues of fact as to whether Borden LP's sale of the Switch Units to PRS1000 was made with intent to hinder or delay payment of TSSP's Switch Sharing Percentage (see DCL 273[a][1], [b]). We deem TSSP to have abandoned its appeal from so much of the order as dismissed [*2]its counterclaim and third-party claim for constructive fraudulent conveyance because it does not mention those claims in its briefs.
Third-party defendant Michael Borden's contention that the actual fraudulent conveyance claim against him was correctly dismissed because he was not a beneficiary of the Switch Unit sale is unavailing. Mr. Borden owns only 32.62% of Borden LP. By contrast, he owns 100% of PRS1000.
There are issues of fact as to whether Borden LP breached the credit agreement by failing to pay the Switch Sharing Percentage within two Business Days of November 20, 2017 (when it ostensibly sold the Switch Units to PRS1000) or the Maturity Date (December 31, 2017). The credit agreement says that TSSP "shall receive" the Switch Sharing Percentage "upon . . . the Maturity Date, with respect to all Switch Units owned by [Borden LP] on the Maturity Date." If the sale from Borden LP to PRS1000 is valid, then PRS1000 — not Borden LP — owned the Switch Units on the Maturity Date. If the sale is set aside as a fraudulent conveyance, then Borden LP can be deemed to have owned the Switch Units on the Maturity Date. However, as noted earlier, there are issues of fact as to whether the sale constituted a fraudulent conveyance.
Section 5.06(d) of the credit agreement says that TSSP "shall receive" the Switch Sharing Percentage "upon . . . any sale of Switch Units pursuant to this Section 5.06." However, section 5.06(b)(ii), which is arguably more specific, says that "upon consummation of such sale, [Borden LP] shall promptly (and in no event later than two Business Days) following receipt of the net proceeds arising from such sale, pay the Switch Sharing Percentage" to TSSP (emphasis added). The credit agreement does not define "net proceeds."
Contrary to the motion court's statement, TSSP disputed Borden LP's construction of "net proceeds," by filing its answer and counterclaims. Nevertheless, it is not entitled to summary judgment, because this phrase is ambiguous (see e.g. Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]).
TSSP is entitled to indemnification under section 9.05(b) of the credit agreement, which says that it is entitled to same "regardless of whether [litigation] is initiated by a third party or by the Borrower," i.e., by Borden LP.
There are issues of fact precluding the grant of summary judgment to either side on TSSP's third-party claim for tortious interference with contract.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021